**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE**

| | | |
|---|---|---|
| **RICKY A. STONECYPHER** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | Civil Action No.: _____ |
| | ) | |
| **THE BRACHFELD LAW GROUP, P.C.** | ) | |
| **and LVNV FUNDING LLC,** | ) | |
| | ) | <u>Jury Trial Demanded</u> |
| **Defendants.** | ) | |
| | ) | |

## COMPLAINT

### <u>JURISDICTION AND VENUE</u>

1.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2.    This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), in its illegal efforts to collect a consumer debt from Plaintiff.

3.    Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

### <u>PARTIES</u>

4.    Plaintiff Ricky A. Stonecypher (hereinafter "Plaintiff") is a natural person who resides in Washington County, Tennessee, and a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant The Brachfeld Law Group, P.C. (hereinafter "Defendant Brachfeld") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and a for-profit limited partnership organized in California, and may be served through its agent for service of process in Tennessee as follows: Corporation Service Company, 2908 Poston Ave., Nashville, TN 37203.

6. Defendant LVNV Funding LLC (hereinafter "Defendant LVNV") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and a for-profit limited liability company organized in Delaware, and may be served through its agent for service of process as follows: The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.

## FACTUAL ALLEGATIONS

7. Defendants have alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a credit card bill allegedly originally owed to or serviced by Citibank, and allegedly owed by Plaintiff in the amount of $1,331.71.

8. Sometime prior to August 31, 2010, Plaintiff's debt was consigned, sold or otherwise transferred to Defendants for collection from Plaintiff.

9. The FDCPA bars debt collectors from communicating with third parties other than the consumer, the consumer's attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector, except under certain very limited circumstances enumerated by statute, i.e., acquiring the consumer's "location information". 15 U.S.C. §§ 1692a(7), 1692c(b) and 1692b.

10. Despite this prohibition and despite knowing Plaintiff's home address, home telephone number and place of employment, Defendants sent a communication to Plaintiff in connection with the collection of the debt claiming to communicate "with their affiliated financial services companies in connection with administering and collecting accounts" when, under the FDCPA, they clearly could not legally do so.

11. The FDCPA prohibits false, deceptive, or misleading communications in connection with collection of a debt. 15 U.S.C. § 1692e.

12. Despite this prohibition, Defendant Brachfeld sent misleading and deceptive communications to Plaintiff in connection with collection of the debt that raised the specter of potential legal action by using its law firm to collect the debt when the firm had stated that it was not acting in its legal capacity when it sent the letters.

13. Defendants do not maintain (i.e., actually employ or implement) procedures to avoid errors under the FDCPA.

### *August 31, 2010 Collection Letter and Privacy Notice*

14. Within one year prior to the filing of this Complaint, on or about August 31, 2010, Defendant Brachfeld sent a collection letter to Plaintiff dated August 31, 2010. A redacted copy of the August 31, 2010 collection letter is filed as Exhibit 1 to this Complaint.

15. The August 31, 2010 collection letter was sent in connection with collection of the debt and in an attempt to collect the debt, and was a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

16. The August 31, 2010 collection letter prominently displays the name: "**THE BRACHFELD LAW GROUP, PC**" written at the top right-hand corner of the first page in all capital letters and bold print.

17.    The August 31, 2010 collection letter provides, to the right of the Plaintiff's address block, the name and address: "Brachfeld Law Group. P.C., PO Box 421088, HOUSTON, TX 77242-1088".  (Capital letters in original)

18.    The August 31, 2010 collection letter was the initial written communication in connection with collection of the debt sent by Defendant Brachfeld.

19.    The August 31, 2010 collection letter stated that (a) the current creditor on the account was Defendant LVNV, (b) the last four digits of the originator account were 3945, and (c) the total amount due was $1,331.71.

20.    The August 31, 2010 collection letter further stated that:

>    "The named current creditor has placed this account with our office for collection.
>    . . .
>    Although we are a law firm, lawyers may also be debt collectors, and we are operating only as a debt collector and not in any legal capacity at this time. At this time, no attorney with this firm has personally reviewed the particular circumstances of your account.  Attorneys in this firm are only licensed in California and we do not sue in any other state.  Moreover, because we are not acting in any legal capacity at this time, this letter should not be construed as a threat of suit by our client, as no such decision has been made by our client.
>    . . .
>    **THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR."**  (all bold and capital letters in original document)

21.    The August 31, 2010 collection letter was not signed.

22.    In the same envelope as the collection letter was a second document titled "PRIVACY NOTICE", which stated that it was being given on behalf of Defendant LVNV and its affiliates (hereinafter "the Privacy Notice").  (bold, capital, underlined letters in original) A copy of the privacy notice is filed as Exhibit 2 to this Complaint.

4

23.   The Privacy Notice was sent in connection with collection of the debt, and is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

24.   Defendant LVNV's Privacy Notice mailed by Defendant Brachfeld contains the following statements, in pertinent part:

> **<u>Information We May Collect</u>**.  The Sherman Companies may collect the following personal information: (1) information that we receive from your account file at the time we purchase or begin to service your account, <u>such as your name, address, social security number, and assets</u>; (2) information that you may give us through discussion with you, or that we may obtain through your transactions with us, <u>such as your income and payment history</u>; (3) information that we receive from consumer reporting agencies, <u>such as your creditworthiness and credit history</u>, and (4) information that we obtain from other third party information providers, such as public records and databases that contain publicly available data about you, such as bankruptcy and mortgage filings. All of the personal information that we collect is referred to in this notice as "collected information".   (Bold, underlined letters in original) (Emphasis added)
> . . .
>
> **<u>Sharing Collected Information with Affiliates and Third Parties</u>**
>
> **<u>Sharing with Affiliates</u>**.  From time to time, the Sherman Companies may share collected information about customers and former customers <u>with each other and with their affiliated financial services companies in connection with administering and collecting accounts</u>.  (Bold, underlined letters in original) (Emphasis added)

25.   The FDCPA forbids a debt collector from discussing a consumer's debt with any third parties except under limited circumstances not present here.

26.   For that reason, without the prior consent of the consumer given directly to the Defendants, they may not communicate with any other person in connection with the collection of the debt, except Plaintiff, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector, other than for the purpose of acquiring "location information".

27. When Defendants communicated the threat to Plaintiff that they were going to communicate with third parties outside the list enumerated by the FDCPA, they were already aware of all three items of information that are included in the definition of "location information" – where he lived, his telephone number where he lived, and his place of employment.

28. The statement that Defendants communicate with other parties outside of the parties enumerated under the FDCPA is misleading and deceptive.

29. It misleads the least sophisticated consumer into believing that third parties may be contacted and asked to provide information concerning the Plaintiff other than "location information", when the FDCPA forbids such third party contact.

30. It misleads the least sophisticated consumer into believing that Defendants may provide "nonpublic personal information", including the fact that Plaintiff owes a debt to Defendant LVNV, to third parties outside the list enumerated by the FDCPA when the FDCPA forbids such disclosure.

31. Any procedures maintained (i.e., actually employed or implemented) by Defendants to avoid errors under the FDCPA failed to avoid communicating threats to Plaintiff that they were going to communicate with third parties outside the list enumerated by the FDCPA when they were already aware of all three items of information that are included in the definition of "location information".

32. If false, the statement that Defendant LVNV communicates, in connection with collection of the debt, with third parties outside of the parties enumerated under the FDCPA, in violation of 15 U.S.C. §§ 1692b(1), 1692b(2), and 1692c(b), is misleading and deceptive in violation of the FDCPA, 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10), and is an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

33.    If true, the third party contact is patently unlawful.

*Collection Service Licensing*

34.    "Collection service" means any person that engages in, or attempts to engage in, the collection of delinquent accounts, bills, or other forms of indebtedness **irrespective of whether the person engaging in or attempting to engage in collection activity has received the indebtedness by assignment or whether the indebtedness was purchased by the person engaging in, or attempting to engage in, the collection activity.** Tenn. Code Ann. § 62-20-102(3). (emphasis added)

35.    "Client" means any person who retains the services of a collection service and for such services directly provides the fees, commission or other compensation.  Tenn. Code Ann. § 62-20-102(2)

36.    No person shall commence, conduct, or operate any collection service business in this state unless such person holds a valid collection service license issued by the [Collection Service] board under this chapter, or prior state law. Tenn. Code Ann. § 62-20-105(a).

37.    Any person who places an account with a collection service is responsible for determining that the service is licensed as required by this chapter.  Tenn. Code Ann. § 62-20-118.

38.    Defendant Brachfeld has not been issued a valid collection service license necessary to legally collect debts in Tennessee.

39.    The Tennessee Collection Act provides an exemption from its licensing requirements for attorneys at law.  Tenn. Code. Ann. § 62-20-103(a)(2).

40.    The exemption from the licensing requirements for attorneys at law is not a "per se" exemption, with the Tennessee Attorney General interpreting the exemption for attorneys

as being "applicable only to those attorneys who seek to collect the debts owing to their clients who have retained them for their services as attorneys." Tennessee Attorney General ("TAG") Opinion No. 00-105. A copy of this opinion is filed as Exhibit 3 to this Complaint.

41. It is clear from the language of Defendant Brachfeld's letter that since "no attorney with this firm has personally reviewed the particular circumstances of Plaintiff's account", "[a]ttorneys in this firm are only licensed in California and we do not sue in any other state", and that it was "not acting in any legal capacity" during the time it was attempting to collect the debt from Plaintiff, Defendant LVNV could only have hired Defendant Brachfeld as a collection service and not for their services as attorneys to collect the debt from Plaintiff, a consumer in Tennessee.

42. Defendant LVNV failed to determine that Defendant Brachfeld was licensed as a collection service as required by the Tennessee Collection Service Act prior to placing Plaintiff's account with them for collection.

43. Any procedures maintained (i.e., actually employed or implemented) by Defendant Brachfeld to avoid errors under the FDCPA failed to avoid using false, deceptive, or misleading representations and means in connection with collection of debts or attempts to collect debts from Tennessee consumers by failing to be licensed as a collection service by the Tennessee Collection Service Board prior to attempting to collect the debt from Plaintiff.

44. Any procedures maintained (i.e., actually employed or implemented) by Defendant Brachfeld to avoid errors under the FDCPA failed to avoid threatening to take any action

that cannot legally be taken by failing to be licensed as a collection service by the Tennessee Collection Service Board prior to attempting to collect the debt from Plaintiff.

45. Any procedures maintained (i.e., actually employed or implemented) by Defendant Brachfeld to avoid errors under the FDCPA failed to avoid using unfair or unconscionable means to collect or attempt to collect debts from Tennessee consumers by failing to be licensed as a collection service by the Tennessee Collection Service Board prior to attempting to collect the debt from Plaintiff.

46. Any procedures maintained (i.e., actually employed or implemented) by Defendant LVNV to avoid errors under the FDCPA failed to avoid using false, deceptive, or misleading representations and means in connection with collection of debts or attempts to collect debts from Tennessee consumers by failing to determine that Defendant Brachfeld was licensed as a collection service as required by the Tennessee Collection Service Act prior to placing Plaintiff's account with them for collection.

47. Any procedures maintained (i.e., actually employed or implemented) by Defendant LVNV to avoid errors under the FDCPA failed to avoid threatening to take any action that cannot legally be taken by failing to determine that Defendant Brachfeld was licensed as a collection service as required by the Tennessee Collection Service Act prior to placing Plaintiff's account with them for collection.

48. Any procedures maintained (i.e., actually employed or implemented) by Defendant LVNV to avoid errors under the FDCPA failed to avoid using unfair or unconscionable means to collect or attempt to collect debts from Tennessee consumers by failing to determine that Defendant Brachfeld was licensed as a collection service as required by the Tennessee Collection Service Act prior to placing Plaintiff's account with them for collection.

49.    By attempting to collect the debt from Plaintiff at a time when Defendant Brachfeld was not licensed as a collection service by the Tennessee Collection Service Board, Defendant Brachfeld violated 15 U.S.C. §§ 1692e, 1692e(5), 1692(10), and 1692f.  See, *LeBlanc v. Unifund CCR Partners,* 601 F.3d 1185, 1190 fn. 9 (11th Cir. 2010) ("See, e.g., *Sibley v. Firstcollect, Inc.,* 913 F.Supp. 469, 471 (M.D.La. 1995); *Russey v. Rankin*, 911 F. Supp. 1449, 1459 (D.N.M. 1995) (attempting to collect a debt without first registering as a debt collector as required by New Mexico statute violates the FDCPA); *Kuhn v. Account Control Tech, Inc.*, 865 F. Supp. 1443, 1451-52 (D.Nev. 1994) (finding failure to register as a debt collector under Nevada law violated 15 U.S.C. § 1692f); *Gaetano v. Payco of Wisc. Inc.*, 774 F.Supp. 1404, 1414-15 n. 8 (D.Conn.1990) (finding failure to register as a debt collector in Connecticut violated the FDCPA because not registering 'deprived the plaintiff of her right as a consumer debtor residing within the state to have the Defendant's qualifications as a collection agency reviewed by state authorities.'");  Also, see, *Bradshaw v. Hilco Receivables, LLC,* No. RBD-10-113, 2011 WL 652476, at *10 (Feb. 23, 2011 D. Md.).

50.    The failure of Defendant Brachfeld to become licensed by the Tennessee Collection Service Board when they had been hired only as a collection service and not for its services as attorneys would mislead the least sophisticated consumer by suggesting that Defendant Brachfeld had state approval to legally attempt to collect debts in Tennessee without being licensed as a collection service, in violation of 15 U.S.C. §§ 1692e, 1692e(1), and 1692e(10).

*Respondeat Superior Liability*

51.     The acts and omissions of Defendant Brachfeld as an agent for Defendant LVNV and who communicated with Plaintiff as more further described herein, were committed within the time and space limits of its agency relationship with its principal, Defendant LVNV.

52.     The acts and omissions by Defendant Brachfeld were incidental to, or of the same general nature as, the responsibilities it was authorized to perform by Defendant LVNV in collecting consumer debts.

53.     By committing these acts and omissions against Plaintiff, Defendant Brachfeld was motivated to benefit its principal, Defendant LVNV.

54.     Defendant LVNV is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in violation of federal law by the debt collectors employed as agents by Defendant LVNV including, but not limited to violations of the FDCPA, in their attempts to collect the debt from Plaintiff.

*Summary*

55.     The above-detailed conduct by Defendants and their agents in connection with collection of the debt, was conduct in violation of numerous and multiple provisions of the FDCPA including, but not limited to the above-cited provisions of the FDCPA.

## **TRIAL BY JURY**

56.     Plaintiff is entitled to and hereby respectfully demands a trial by jury.  US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692 *et seq.*

57.    Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

58.    The foregoing acts and omissions of Defendants constitutes numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq., with respect to Plaintiff.

59.    As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant, and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

08/31/11                                Respectfully submitted,

                                        **RICKY A. STONECYPHER**


                                        /s/      Alan C. Lee
                                        Alan C. Lee, Esq., BPR # 012700
                                        Attorney for Plaintiff
                                        P. O. Box 1357
                                        Talbott, TN 37877-1357
                                        (423) 736-0201
                                        info@alanlee.com

13

## VERIFICATION OF COMPLAINT AND CERTIFICATION

**STATE OF TENNESSEE** )
**COUNTY OF KNOX** )

Pursuant to 28 U.S.C. § 1746, Plaintiff Ricky A. Stonecypher, states as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.


I verify under penalty of perjury that the foregoing is true and correct.

Executed on: August _____, 2011


By: _____
Ricky A. Stonecypher